**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Agapito Burgos,<br>Plaintiff,<br>-v-<br><br>S & K Distribution, L.L.C., and<br>New Castle Building Products LLC,<br><br>Defendants. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Agapito Burgos ("Plaintiff" or "Burgos"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants S & K Distribution, L.L.C. and New Castle Building Products LLC (collectively "Defendants"), respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff alleges, that he was employed by Defendants, individually and jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains that he was employed by Defendants pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all his unpaid wages, including his unpaid overtime wages under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article

6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff further alleges that Defendants discriminated against Plaintiff due to his perceived disability in violation of the New York State Human Rights Law ("NYHRL") and New York City Human Rights Law ("NYCHRL") when they terminated Plaintiff's employment with them. As a result of the unlawful and discriminatory termination, Plaintiff seeks the recovery of lost income including back pay and reinstatement/front pay, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorney's fees and costs, under the NYHRL and NYCHRL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. At all times relevant herein, Plaintiff Agapito Burgos ("Plaintiff" or "Burgos") was an adult, over eighteen years old, who resides in Queens County in the State of New York.

9. At all times relevant herein, Defendant S & K Distribution, L.L.C., was a limited liability company duly authorized to do business in New York.

10. At all times relevant herein, Defendant New Castle Building Products LLC, was a New York limited liability company.

11. At all times relevant herein, Defendant New Castle Building Products LLC did business as S & K Distribution, L.L.C. and Defendants used their names interchangeably and the names of both Defendants appeared on the W-2 wage statement that they gave to Plaintiff yearly.

12. At all times relevant herein, Defendants, individually and jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

13. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, owned/operated a place of business in Queens County, New York at 50-15 34th Street, Long Island City, NY 11101, where Plaintiff was also employed.

14. At all times relevant herein, Plaintiff was employed individually and jointly by Defendants.

**STATEMENT OF FACTS**

15. Upon information and belief, and at all relevant times herein, Defendants were in the welding and contracting business within New York.

16. Upon information and belief, and at all relevant times herein, Defendants employed over approximately 60 or more employees.

17. Plaintiff was employed by Defendants, individually and jointly, from in or around July 2024 to in or around July 22, 2026.

18. At all times relevant herein, Defendants, individually and jointly, employed Plaintiff as a warehouse worker/laborer, throughout his workday with Defendants.

19. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $25.00 an hour.

20. At all times relevant herein, Plaintiff worked about 50 to 55 or more hours each week, 5 or more days each week for Defendants – with the exception of about 2-3 weeks each year.

21. At all times relevant herein, Defendants had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during his employment with Defendants - with the exception of about 2-3 weeks each year, which he seeks to recover with this action and for which he was not paid any wages. At all times relevant herein, Plaintiff either did not receive a "meal" break or was not completely relieved from duty during "meal" breaks, if any, because he was always subject to interruption during "meal" breaks if any and was actually interrupted to perform his regular physical work during any "meal" breaks because of the nature and demands of the job as required by Defendant. See i.e. *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 116 (2d Cir. 2023).

22. In addition to the unpaid overtime wages in paragraphs 21, Plaintiff worked an additional 45 minutes each day beyond his scheduled work time doing work related duties for Defendants or about 3.75 overtime hours each week, but Plaintiff was not paid any wages for these 3.75 overtime hours worked each week during his employment with Defendants – with the exception of about 2-3 weeks each year.

23. In addition, Plaintiff was required to use his own cellphone, etc., in the performance of his work for Defendants during the period of his employment as required by Defendants. However, Defendants did not reimburse Plaintiff for these costs and expenses to Plaintiff for Defendants' work as required – Defendants failed to reimburse Plaintiff for about $15.00 or more each week, for these costs and expenses, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an underpayment of overtime wages under the FLSA and NYLL.

24. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

25. At all times relevant herein and for the time Plaintiff was employed by Defendants, individually and jointly, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendants.

26. At all times relevant herein, Defendants, individually and jointly, failed to provide Plaintiff with the required notice at the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

27. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented his from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

28. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

29. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notices and wage statements, Defendants forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendants carried out its legal obligations to provide Plaintiff

with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

30. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, had annual revenues and/or expenditures in excess of $500,000.

31. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, conducted business with vendors/entities/persons within the State of New York.

32. Upon information and belief, and at all times relevant herein, Defendants, individually and jointly, utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendants.

33. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, utilized the goods, materials, and services through interstate commerce.

34. Defendants, individually and jointly, as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

35. Upon information and belief, and at all relevant times herein, Defendants, individually and jointly, conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

36. Defendants, individually and jointly, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV.

6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

39. In the months prior to his termination and following the death of a close family member, Plaintiff experienced some grief but continued to do his job. However, Defendant required Plaintiff to attend counseling by telephone which Plaintiff complied with. Nonetheless, on or about July 21, 2026, Defendant told Plaintiff that he looked tired and depressed and sent him home from work – perceiving Plaintiff as disabled and unable to do the job because of Defendant's perception that Plaintiff looked tired and depressed even though Plaintiff was ready, willing and able to do his job and was doing his job as required – and the very next day on or about July 22, 2026, Defendant terminated Plaintiff as a result. As such, Defendant's termination of Plaintiff was in violation of NYS and NYC Human Rights Law – at all relevant times Plaintiff was ready, willing and able to perform the duties and obligations of his job.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the FLSA.

44. At all times relevant to this action, Defendants, individually and jointly, was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

45. At all times relevant herein, Defendants, individually and jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

47. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendants, individually and jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

50. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 AND 198UNPAID/WITHHELD WAGES**

52. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

54. At all relevant times herein, Defendants, individually and jointly, violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

55. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

57. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION- NYS HUMAN RIGHTS LAW**

58. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if set forth fully and at length herein.

59. Under New York Human Rights Law§ 296 (1) (a), it is an unlawful discriminatory practice "For an employer or licensing agency, because of an individual's age, ... disability ... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

60. Defendants' refusal to reinstate Plaintiff and their termination of Plaintiff because of his perceived disability depression, is an unlawful employment practice in violation of the New York Human Rights Law, including New York Executive Law§ 296 (1) (a).

61. Although Plaintiff was ready, willing and able to perform his activities at his job, Defendants nonetheless terminated Plaintiff due to this perceived disability and depression as explained above.

62. Plaintiff is entitled to recover and seeks to recover herein from Defendants all damages, available under New York Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, punitive damages and attorney's fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**DISABILITY DISCRIMINATION- NYC HUMAN RIGHTS LAW**

63. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully and at length herein.

64. New York City Human Rights Law under NYC Code §8-107(1) (a), state in relevant part that, "It shall be an unlawful discriminatory practice ... for an employer or employee or agent thereof because of the actual and perceived age, ... disability ... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

65. Defendants' refusal to reinstate Plaintiff and their termination of Plaintiff because of his perceived disability, is an unlawful employment practice in violation of the New York City Human Rights Law, including NYC Code §8-107(1) (a).

66. Plaintiff is entitled to recover and seeks to recover herein from Defendants all damages, available under New York City Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, punitive damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

67. Declare Defendants, individually and jointly, to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

68. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

69. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

70. As to his **Third Cause of Action**, award Plaintiff any and all unpaid wages, including his unpaid overtime wages, wages due under law, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

71. As to the **Fourth Cause of Action** (NYHRL), award Plaintiff all damages, available under New York Human Rights Law, including damages for past and future pain and suffering

back pay and reinstatement/front pay, liquidated damages, punitive damages and attorney's fees.

72. As to the **Fifth Cause of Action** (NYCHRL), award Plaintiff all damages, available under New York City Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, liquidated damages, punitive damages and attorney's fees.

73. Award Plaintiff prejudgment interest on all monies due.

74. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

75. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**October 31, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan___________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com